**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0256-23

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

RON D. SANDERS, a/k/a
TRYSHAWN EACCO,
DESMOND MADISON,
DESMOND MASISON,
DARELL NELSON,
JASMIRE NELSON,
ZYRON NELSON,
DYRELL OVERTON,
ROGEA OVERTON,
DESMOND PARHAM,
TARIQ PARHAM,
RON SANDER,
TRISHAWN SANDERS,
and ZYRON SANDERS,

 Defendant-Appellant.

_____

Submitted December 17, 2024 – Decided January 16, 2025

Before Judges Firko and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 12-11-0804 and 13-12-1011.

Jennifer N. Sellitti, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Michele C. Buckley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ron D. Sanders appeals from a June 30, 2023, order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant contends his first trial counsel[1] was ineffective for not adequately investigating and preparing for the motion to suppress evidence seized pursuant to a consent to search his apartment; his remand counsel was ineffective for failing to investigate his case; his appellate counsel was ineffective; and his motion to represent himself during the PCR hearing was not adjudicated. Judge Regina Caulfield thoroughly considered defendant's contentions and rendered a comprehensive thirty-two-page written decision, with which we substantially agree. We affirm.

---

[1] Regrettably, defendant's first trial counsel passed away.

A-0256-23

I.

In November 2012, a Union County grand jury returned Indictment Number 12-11-0804 charging defendant with eluding, possession of a controlled dangerous substance (CDS), possession with intent to distribute CDS, and possession with intent to distribute CDS within 500 feet of a public housing facility.

In December 2013, another grand jury returned Indictment Number 13-12-1011 charging defendant with possession of a CDS, possession with intent to distribute a CDS, distribution of a CDS, distribution of a CDS within 1,000 feet of school property, eluding, three counts of aggravated assault, and possession of a weapon for an unlawful purpose.

Defendant filed a motion to suppress evidence seized under Indictment Number 13-12-1011, pursuant to a consensual search of the apartment he shared with his girlfriend, Maleka Perry. Defendant claimed he was not advised that the officers were going to his apartment, which was located in a multi-dwelling building. According to defendant, he was not permitted to enter the apartment building and was arrested. Following a three-day evidentiary hearing, which included testimony from Officer Louis Figueiredo and Perry, Judge Caulfield

3

denied defendant's motion to suppress, finding Perry knowingly and voluntarily consented to the search of the apartment.

On February 29, 2016, as to Indictment Number 13-12-1011, defendant pled guilty to third-degree possession with intent to distribute a CDS within 1,000 feet of school property, second-degree eluding, and third-degree possession with intent to distribute a CDS, amended from a second-degree charge. That same day, as to Indictment Number 12-11-0804, defendant pled guilty to third-degree possession with intent to distribute a CDS. In November 2016, defendant was sentenced to an aggregate thirteen-year sentence subject to a six-year period of parole ineligibility.

Defendant filed a direct appeal. State v. Sanders (Sanders I), No. A-2431-16 (App. Div. Mar. 16, 2018). We remanded to the trial court for further development of the record as to Indictment Number 13-12-1011. More specifically, we ordered the trial court to make additional factual findings as to defendant's availability to give or refuse consent to search his apartment, whether the officers asked him to consent, and whether defendant ever refused to provide consent. Id., slip op. at 5-6.

On October 11, 2018, Judge Caufield conducted the remand hearing and considered testimony from Officer Figueiredo and defendant. After making

4                                                                              A-0256-23

additional factual findings, the judge again denied defendant's motion to suppress. Defendant filed a direct appeal of his denial of his motion to suppress and we affirmed. State v. Sanders (Sanders II), No. A-1699-18 (App. Div. Oct. 29, 2019). Our Supreme Court denied defendant's petition for certification. State v. Sanders, 244 N.J. 255 (2020).

Defendant timely filed a pro se petition for PCR, claiming: (1) his sentence was imposed in violation of Rule 3:3-1 (issuance of an arrest warrant or summons); (2) his sentence was imposed in violation of State v. Yarbough, 100 N.J. 627 (1985) and the Vasquez/Lagares[2] line of cases; and (3) ineffective assistance of trial, remand, and appellate counsel.

---

[2] See State v. A.T.C., 239 N.J. 450, 473-475 (2019) (noting that there are "three core principles from the Court's resolution of separation of powers challenges to statute granting discretion to prosecutors in Lagares, Vasquez, Brimage."); see State v. Brimage, 153 N.J. 1 (1998) (holding that Attorney General's plea agreement guidelines . . . authorized impermissible intercounty disparity in sentencing . . .); see also State v. Vasquez, 129 N.J. 189 (1992) (holding that the court is not compelled by the Comprehensive Drug Reform Act to impose [a] period of parole ineligibility on resentencing following violation of probation and [a] prosecutor, who originally waive[s] parole disqualifier, has no authority at resentencing to demand imposition of a period of parole ineligibility); see also State v. Lagares, 127 N.J. 20 (1992) (holding that the Comprehensive Drug Reform Act repeat-offender sentencing provision violated the separation of powers doctrine; and Attorney General was requested to adopt guidelines to assist prosecutorial decision making with respect to enhanced sentences . . . .).

A-0256-23

The judge assigned PCR counsel, who submitted a brief in support of defendant's PCR petition. PCR counsel argued defendant's trial counsel was ineffective for failing "to introduce evidence regarding the key needed to enter the premises." According to PCR counsel, Perry was pregnant when she executed the consent form to search the apartment, and testified the police officer "threatened her" by advising she would be "locked up" and "her baby would go to DYFS" if she did not consent to the search and sign the consent form. Perry stated she was not informed of her right to refuse consent.

PCR counsel maintained trial counsel was ineffective because he failed to procure an investigative report regarding the entryway to defendant's apartment building, which would have "proven" the entry way door to the building "required a key to enter and automatically locked when closed." At the very least, PCR counsel argued trial counsel could have contacted the building's owners or residents to testify about the door's locking mechanism, and counsel's failure to do so "fell below an effective standard of reasonableness," which would have changed the outcome of the suppression motion.

PCR counsel acknowledged that remand counsel did in fact obtain an investigative report addressing the entry way door but admitted the building had undergone "significant renovations" since the time of the search, which resulted

in the judge precluding the investigator from testifying on the basis the report was no longer "relevant." Because of trial counsel's alleged ineffectiveness at the initial suppression hearing, PCR counsel asserted defendant was unable to overcome trial counsel's failures, notwithstanding our remand.

On September 26, 2022, the judge heard oral argument on the PCR petition from both PCR counsel and defendant, who was administered an oath and argued extensively on his own behalf. Prior to oral argument, the judge reviewed "numerous letters" from defendant complaining about PCR counsel's representation. Defendant objected to being represented by PCR counsel, claimed PCR counsel was not communicating with him, and was not prepared for the hearing. Defendant argued he should not have received a consecutive sentence under Yarbough, his trial counsel was ineffective for not investigating the issue of the entry way door, and should have argued his "at-large" arrest warrant was "illegal" because it was approved by a prosecutor and not a judge.

Defendant asserted trial counsel was ineffective during the motion to suppress hearing and challenged the judge's credibility findings. Regarding his two appellate attorneys, defendant stated his first appellate attorney failed to argue Yarbough principles, that the sentence violated Brimage guidelines, and ignored his pro se arguments. Defendant argued his second appellate attorney

was ineffective because she never advised him that she was representing him, and was doing so as "a favor" to defendant's first appellate attorney. The judge reserved her decision.

Following oral argument, the judge explained that she received a letter from defendant stating he objected to PCR counsel representing him at oral argument, which included a motion from defendant to proceed as a pro se litigant. In response to these issues raised by defendant, the judge conducted a virtual hearing on April 4, 2023.

Upon considering the parties' briefs and oral arguments, the judge denied defendant's petition without an evidentiary hearing for the reasons set forth in her decision. The judge found, contrary to defendant's assertion, that Officer Figueiredo was "credible" when he testified that the door to defendant's apartment building was "unlocked" at the time the search was conducted. The judge also credited Perry's testimony that the only way someone could enter the apartment building was "with a key."

The judge found trial and PCR counsel were not ineffective for failing to conduct an investigation that would have shown a key was needed to enter the apartment building because the door was unlocked. Thus, defendant's argument that his two male "cousins," the building manager, superintendent, or other

tenants' purported testimony as to a key being required to enter the building "would not have changed the [judge's] determination that Officer Figueiredo was credible" when he testified the door was unlocked.

The judge highlighted that we affirmed denial of defendant's motion to suppress following the remand hearing and affirmed her credibility findings. Citing Rule 3:22-5 and State v. Afanador, 151 N.J. 41, 51 (1997), the judge emphasized that a prior adjudication "of any ground for relief is conclusive whether made in the proceedings resulting the conviction or in any post-conviction proceeding brought pursuant to this [Rule] . . . or in any appeal taken from such proceedings." The judge found defendant was barred from raising this issue because we upheld her credibility determinations.

The judge pointed out she questioned defendant at oral argument as to why he did not testify at the remand hearing that his cousins were present and could have testified in support of defendant's claim the officers used his key to enter the apartment building. The judge noted defendant's response was "troubling" because he essentially "only answered the questions asked" when the judge noted he should have "been comfortable volunteering" such information.

The judge determined defendant is "articulate, demanding, and persistent," and rejected his argument that trial counsel "dismissed the idea" of having defendant's cousins testify at the suppression hearing.  In addition, the judge underscored trial counsel called Perry as a witness and "would have welcomed a witness who could have corroborated his claim that the door could only be opened with a key."  The judge noted defendant "could have easily secured affidavits from his own cousins" attesting to the police using defendant's key to access the building and his apartment but he did not do so.  The judge found trial counsel "successfully argued three motions and fought hard to prevail on the critical motion to suppress."

The judge added that trial counsel filed a motion to be relieved as counsel before defendant pled guilty to both indictments.  In the moving papers, trial counsel indicated his firm had "multiple meetings" with defendant to review "plea options and trial strategies."  The judge highlighted that even after defendant rejected the State's plea offer, trial counsel pursued the motion to suppress and after the motion was denied, prepared for trial.

The judge cited trial counsel's certification indicating effort was made to have the charges under Indictment Number 13-12-1011 run concurrently with defendant's federal case.  Trial counsel certified the plea offer of twelve years'

imprisonment with a six-year parole disqualifier could not be lowered because of <u>Brimage</u> guidelines. Trial counsel stated defendant faced a "substantial amount of time" on a pending federal charge due to his criminal history. In addition, trial counsel represented that defendant was dissatisfied with his firm's services because the firm was unable to negotiate an eight-year prison term with a four-year period of parole ineligibility with the prosecutor.

The judge emphasized that defendant was permitted to plead guilty to the charges in both indictments the day before trial was scheduled to begin and "received a favorable result" by having the Essex County and federal charge run concurrently to the Union County charges. The judge referenced our opinion holding that trial counsel succeeding in suppressing an out-of-court identification and defeated the State's motion to admit evidence under N.J.R.E. 404(b). <u>Sanders I</u>, slip. op. at 1, 2. The judge reasoned that defendant did not explain how his sentence violated <u>Brimage</u>, and since defendant did not appeal his sentence, he was now barred from doing so under <u>Rule</u> 3:22-4.[3]

---

[3] In pertinent part, <u>Rule</u> 3:22-4 provides:

> (a) First Petition for Post-Conviction Relief. Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule,

Regarding sentencing, the judge found defendant did not explain how his consecutive sentence violated the Brimage guidelines and that defendant was barred from raising this issue because he did not file a direct appeal under Rule 3:22-4. Because the judge found trial counsel's performance was not ineffective,

or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:

(1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or

(2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or

(3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

A ground could not reasonably have been raised in a prior proceeding only if defendant shows that the factual predicate for that ground could not have been discovered earlier through the exercise of reasonable diligence.

A denial of relief would be contrary to a new rule of constitutional law only if the defendant shows that the claim relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings.

she concluded remand counsel was not deficient for concluding the later obtained investigative report, prepared "years after defendant's arrest" was not relevant. Defendant admitted the building underwent renovations subsequent to the search being conducted.

Regarding appellate counsel, the judge noted defendant acknowledged at oral argument that he did not have copies of either appellate brief, did not know what his appellate attorneys argued, and could not articulate how his appellate attorneys failed to raise issues to overturn his consecutive sentence. The judge concluded defendant's claims against his appellate attorneys were merely "bald assertions" and that he failed to establish a prima facie case of ineffective assistance of trial, remand, or appellate counsel. A memorializing order was entered. This appeal followed.

On appeal, defendant presents the following arguments for our consideration:

> POINT I
>
> THE PCR COURT'S FAILURE TO RESOLVE DEFENDANT'S MOTION TO REPRESENT HIMSELF ON HIS PCR PETITION WAS AN ABUSE OF DISCRETION WHICH REQUIRES A REMAND TO THE PCR COURT.

13

POINT II

MEANINGFUL APPELLATE REVIEW OF THE PCR COURT'S DENIAL OF DEFENDANT'S PCR PETITION CANNOT BE ACCOMPLISHED DUE TO THE PCR COURT'S FAILURE TO COMPLY WITH RULE 1:7-4(a).

POINT III

THE PCR COURT'S FAILURE TO ADJUDICATE ALL OF DEFENDANT'S [PCR] CLAIMS REQUIRES A REMAND (Not Raised Below).

POINT IV

THE PCR COURT'S REFUSAL TO ALLOW DEFENDANT TO PRESENT ARGUMENTS AND DEVELOP AN ADEQUATE RECORD AT ORAL ARGUMENT REQUIRES A REMAND.

II.

We begin our analysis by acknowledging the legal principles governing this appeal. PCR serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. Ibid. To sustain this burden, the petitioner must allege and articulate specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

14

To establish an ineffective assistance of counsel claim, a defendant must demonstrate: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-pronged analysis in New Jersey). "That is, the defendant must establish, first, that 'counsel's representation fell below an objective standard of reasonableness' and, second, that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Alvarez, 473 N.J. Super. 448, 455 (App. Div. 2022) (quoting Strickland, 466 U.S. at 688).

When assessing Strickland's first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." 466 U.S. at 669. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999). Thus, a trial court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under Strickland's second prong, the defendant must show "the deficient performance prejudiced the defense." Id. at 687.  That is, "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid.  It is insufficient for the defendant to show the errors "had some conceivable effect on the outcome." Id. at 693.  Ultimately, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if [it] had no effect on the judgment." Id. at 691.

The same Strickland/Fritz standard applies to the assessment of ineffective assistance of counsel claims asserted against appellate counsel.  See State v. Gaither, 396 N.J. Super. 508, 513 (App. Div. 2007).  Appellate counsel does not have an obligation to "advance every argument, regardless of merit, urged by the appellant," Evitts v. Lucey, 469 U.S. 387, 394 (1985), but "should bring to the court's attention controlling law that will vindicate [the appellant]'s cause." State v. O'Neil, 219 N.J. 598, 612 (2014).  Failure to do so constitutes ineffective assistance if there is a "reasonable probability" that the outcome of the appeal would have been different. Id. at 617.  Thus, to prove ineffectiveness, a defendant must prove an underlying claim to relief is meritorious. State v. Morrison, 215 N.J. Super. 540, 547-51 (1987).

A-0256-23

Further, "[a]ny factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." R. 3:22-10(c); see State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Short of obtaining immediate relief, a defendant may show that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462-63. The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. Rather, "[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted).

The PCR court should grant an evidentiary hearing only when: "(1) the defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted." State v. Vanness, 474 N.J.

Super. 609, 623 (App. Div. 2023) (citing State v. Porter, 216 N.J. 343, 354 (2013)).

"Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013). However, "we review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58).

III.

We next apply these fundamental principles to the matter before us. Defendant argues the judge abused her discretion by not resolving his motion to represent himself on his PCR petition, warranting a remand. Defendant's argument is belied by the record.

Contrary to defendant's contention, the judge allowed him to proceed pro se at the PCR hearing, as evidenced by the sixty-page transcript, which shows the judge permitted him to make extensive arguments on his own behalf. The record reveals the following colloquy between the judge and defendant:

> DEFENDANT: And that's what everybody keeps saying, but they keep ignoring every other issue I'm

raising. Everybody keeps saying, oh well, I'm going to raise what I think I should raise. But you not the one doing this time. This ain't your life. Like how could you just cut me out of the scenario when I'm the one doing this time.

JUDGE: Well, my job is to consider not just what [PCR counsel] argues and, of course, [assistant prosecutor] who hasn't had a chance yet. But I consider everything that you argue. So even if [PCR counsel] says all right, well I'm going to hone in on the main point, it doesn't mean I'm going to ignore what you've said here today. Right? Because you said I want to represent myself, right?

DEFENDANT: Yes, I did.

JUDGE: Right. And even though you have never— have you ever gone to trial in anything before?

DEFENDANT: No, I have not.

JUDGE: Okay. But you've been in the system. I don't mean that as a criticism. But you've been in the system for a while. I don't mean in the system serving time. I mean in the system having some dealings with the criminal justice system. That's what I mean.

DEFENDANT: Yes, I have.

. . .

JUDGE: <u>Okay. But you know, I'm going to consider what you are arguing. And you want to represent yourself here today, right?</u>

DEFENDANT: <u>Yes</u>.

JUDGE: <u>Okay. And you feel very confident in doing that, right?</u>

DEFENDANT: <u>Yes, I do.</u>

JUDGE: <u>Okay. Because you know the case inside and out?</u>

DEFENDANT: <u>Yes, I do.</u>

JUDGE: Okay. And you're sure you don't want to read that certification?

DEFENDANT: Nah. I'mma read it. But it's going to distract my mind state where I'm at.

JUDGE: Fair enough. Okay. So why don't I give [assistant prosecutor] a chance to speak.

DEFENDANT: Well, I'm not finished. I didn't speak on how I felt [trial counsel] was ineffective.

JUDGE: <u>Oh, okay. Well, go ahead then.</u>

(Emphasis added).

Thus, not only did the judge allow defendant to represent himself, she also allowed him to address the allegations of ineffective assistance of counsel as to each attorney who represented him at every stage of the proceedings. Indeed, at the PCR hearing, defendant ultimately stated, "that's all I can think of right now."

Based upon our review of the record, we reject defendant's argument that the judge abused her discretion by not resolving his motion to represent himself. Defendant's assertion is simply not accurate. Not only did the judge grant his motion to proceed as a self-represented litigant, she also conducted a thorough PCR hearing, asked questions of defendant following his arguments, and made comments, largely based on her familiarity with the matter. We conclude defendant's motion to proceed pro se was heard and granted, therefore a remand on this issue is not required.

## IV.

Next, defendant argues the judge did not make the requisite Rule 1:7-4(a) findings of fact and conclusions of law regarding ineffectiveness of appellate counsel. In particular, defendant averred his appellate attorneys failed to argue on appeal that: (1) the sentencing court did not consider the Yarbough factors; and (2) the judge's decision on the motion to suppress was not based upon sufficient, credible evidence in the record. Defendant also contends his second appellate attorney never told him she was representing him as a favor to his first appellate attorney.

Defendant contends the judge's "terse conclusion" that defendant "acknowledged at oral argument that he did not have copies of either appellate

brief" is "squarely at odds" with the discussion between defendant and the judge at oral argument. According to defendant, his response indicated he possessed the appellate briefs and was aware of the arguments his appellate attorneys made and did not make on his behalf.

Appellate counsel will not be found ineffective if counsel's failure to appeal the issue could not have prejudiced defendant because the appellate court would have found either that no error had occurred or that it was harmless. See State v. Harris, 181 N.J. 391, 499 (2004). Consequently, appellate counsel need only raise issues that have a reasonable probability of success. Gaither, 396 N.J. Super. at 515-16.

In the matter under review, the judge determined that defendant did not identify which issues his appellate attorneys raised on direct appeal and could not state which issues were not raised on direct appeal that were potentially meritorious. Therefore, the judge concluded defendant simply made "bald assertions" and failed to establish a prima facie case of ineffectiveness of his appellate attorneys.

Defendant misstates the record. In deciding Sanders I, we expressly declined to consider defendant's argument that his sentence imposed was excessive. Id., slip op. at 2. Moreover, in Sanders II, we specifically addressed

defendant's argument that his sentence was excessive and concluded it had "insufficient merit" to warrant any discussion in a written opinion, citing <u>Rule</u> 2:11-3(e)(2). Contrary to defendant's argument, this court reviewed his sentence as a whole and did not find it was an illegal or excessive sentence.

Therefore, defendant's sentencing argument was previously adjudicated by this court and is procedurally barred under <u>Rule</u> 3:22-5. We affirm the judge concluding defendant failed to establish ineffective assistance of either appellate counsel under both <u>Strickland</u>/<u>Fritz</u> prongs.

In summary, our de novo review has satisfied us that defendant failed to make a prima facie showing of ineffective assistance of trial, remand, or appellate counsel on any grounds that he identified in his petition in support of PCR relief. Therefore, defendant was not entitled to an evidentiary hearing and we affirm the order denying his PCR petition. <u>State v. Goodwin</u>. 173 N.J. 583, 602 (2002) (holding that a defendant who fails to present a prima facie claim for ineffective assistance of counsel is not entitled to an evidentiary hearing).

We are further satisfied that all of defendant's arguments raised on PCR are either procedurally barred or without substantive merit. Defendant's arguments raised on appeal were more than adequately addressed by the PCR judge and do not warrant additional discussion. <u>R</u>. 2:11-3(e)(2). We affirm

23

substantially for the reasons articulated by Judge Caulfield in her thoughtful and thorough written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0256-23